**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PA SOR HTEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-449-JWD-EWD** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.** | |

# ORDER

The Court has reviewed the Opposition (Doc. 26) to the Government's Motion for Partial Relief (Doc. 24) filed on behalf of Petitioner, Pa Sor Htee, on September 18, 2026. The Opposition, including its supporting Affidavit, raises serious concerns about any potential removal to Myanmar. (Doc. 26-1). Specifically, the Opposition includes disturbing information about the treatment of individuals recently removed from the United States to Myanmar. (Doc. 26-1)[1]. Based on this information, the Federal Public Defender urges that Mr. Htee is likely to be tortured or killed if removed to Myanmar. (Doc. 26 at 2-3).

According to the Government, an immigration judge issued a Removal Order on May 6, 2020, designating Thailand as the country of removal, and Myanmar/Burma as an alternative.

[1] The Federal Public Defender representing Mr. Htee was contacted by a journalist, Gillian Brockwell, on September 17, 2026, after she received "information that Mr. Htee was scheduled to be removed" to Myanmar on a September 23, 2026 flight. (Doc. 26 at 1). Ms. Brockwell informed the FPD that she was in possession of what she deemed to be reliable, government documents and communications that revealed:

> [D]eportees previously removed to Myanmar were routinely sent to military interrogation centers in Yangalon upon arrival in Myanmar. One such center is, 'notorious as the place where many protesters were tortured and killed in the wake of the February 2021 coup.' Ms. Brockwell communicated to the Office of the Federal Defender that based on the documents she received and examined, she believes that if Mr. Htee is removed to Myanmar there is a high likelihood they will be 'tortured or killed.'

(Doc. 26 at 2 (quoting Brockwell Aff, Doc. 26-1)).

In its review of the A-File, the Court found six versions of the Removal Order—three are redacted (Doc. 16-1 at 165, 180-81, 299-300), two are truncated (Doc. 16-1 at 163, 168), and one appears to be the complete original version. (Doc. 16-1 at 9-10). All six versions of the Removal Order designate Thailand as the country of removal. But five of the six list only Thailand, without designating any alternative. (Doc. 16-1 at 9-10, 165, 168, 180-81, 299-300). Only one version of the Removal Order designates an alternative country for removal: Myanmar/Burma. (Doc. 16-1 at 163).

As it currently stands, the discrepancy between these versions has not been sufficiently addressed. In its Response to the Petition, the Government attached the only version of Mr. Htee's Removal Order to designate Myanmar/Burma as an alternative country of removal. (Doc. 17-2). In a footnote, the Government acknowledges:

> The Respondents note that the A-File contains two versions of the Order of the Immigration Judge (at USA_00009, 89), both referencing the May 6, 2020, hearing, but otherwise undated. It appears the original order summary inadvertently left off the reference to alternative removal countries ordered at the removal hearing. Upon information and belief that oversight was corrected by the Immigration Judge.

(Doc. 17 at 2 n.10 (citing Doc. 16-1 at 9)). But the Government ignores the remaining versions of the Removal Order, all of which name only Thailand as the designated country of removal.

And while the Government asserts, "on information and belief," that the "original" Removal Order "inadvertently left off the reference to alternative removal countries," they offer no support for this assertion. (Doc. 17 at 2 n.10). This is especially concerning given the Government's own Declarant, ICE SDDO Ronnie Downey, affirmatively states that Mr. Htee was ordered removed to Thailand. SDDO Downey does not mention any alternative country (Doc. 17-1).

That there are five copies of the removal order that do not specify an alternative country raises serious concerns as to whether the immigration judge is even aware of the alteration—doubt that cannot be cured on 'information and belief' alone. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) ("presumption of legitimacy" for official government conduct is only "a general working principle" and not "a rule of evidence"); *President & Fellows of Harvard Coll. v. U.S. Dep't of Homeland Sec.*, 788 F. Supp. 3d 182, 205 (D. Mass. 2025) ("[T]he Court will not apply any presumption of regularity to conduct that is so unusual and therefore irregular on its face.").

And while the Court is aware that an immigration judge's designation of a certain country does not limit ICE's authority to later pursue removal to a different one, ICE must still exercise its discretion in an appropriate way. *See Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019) (ICE's designation must comport with section 1231(b)(3) and due process). Here, the Court is unsure whether Myanmar was alternatively designated by the immigration judge during removal proceedings. And by extension, the Court is unsure whether the subsequent designation of Myanmar "comport[s] with both § 1231(b) and due process, meaning that a noncitizen must be provided sufficient notice of an intended removal and a meaningful opportunity to challenge it." *Boza-Rosales v. Blanche*, 833 F. Supp. 3d 1174, 1179 (W.D. Wash. 2026). The Court is likewise unaware of whether ICE has even attempted to remove Mr. Htee to Thailand—the actual country of removal—before or in addition to seeking removal to Myanmar. Therefore,

**IT IS ORDERED** that the Government must file briefing and any supporting documentation addressing the issues raised by the Petitioner's Response, and the Court in this Order, by **September 24, 2026**. The Government's briefing should specifically address the allegations raised in the Opposition (Doc. 26), the discrepancy in the Removal Orders, and any

due process afforded (or to be afforded) to Mr. Htee concerning removal to Myanmar. If any documentation supporting the Government's position contains material protected from disclosure under 8 C.F.R. § 208.6(a), the Government may file that information under seal without seeking leave of Court.

**IT IS FURTHER ORDERED** that Mr. Htee may file a response to the Government's briefing, if any, by **September 29, 2026**.

Signed in Baton Rouge, Louisiana, on September 22, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**